1  AKERMAN LLP
Kanika Corley (SBN 223607)
2  email:  kanika.corley@akerman.com
Alicia Hou (SBN 254157)
3  email:  alicia.hou@akerman.com
601 West Fifth Street, Suite 300
4  Los Angeles, California 90071
Telephone: (213) 688-9500
5  Facsimile:  (213) 627-6342

6  AKERMAN LLP
Lawrence D. Silverman (*pro hac vice* petition to be filed)
7  email:  lawrence.silverman@akerman.com
Alexandra Mora (*pro hac vice* petition to be filed)
8  email:  alexandra.mora@akerman.com
Three Brickell City Centre
9  98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
10  Phone: (305) 374-5600
Facsimile: (305) 374-5095

11
Attorneys for Defendant
12  AIRGAS USA, LLC

13           UNITED STATES DISTRICT COURT

14           SOUTHERN DISTRICT OF CALIFORNIA

15

16  LIT'L PEPPER GOURMET, INC.,              Case No.    **'19CV837  LAB AGS**
Individually and on behalf of those
17  similarly situated,                       [San Diego Superior Court Case No. 37-2019-00016827-CU-BT-CTL]

18           Plaintiffs,                       **DEFENDANT AIRGAS USA, LLC'S NOTICE OF REMOVAL**
19  v.                                        **PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**

20  AIRGAS USA, LLC,

21           Defendant.

22

23

24           **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446,

25  and 1453, defendant Airgas USA, LLC ("Airgas") hereby removes this action from

26  the Superior Court of the State of California for the County of San Diego ("San Diego

27  Superior Court") to the United States District Court for the Southern District of

28  California, showing the following as grounds therefore:

AKERMAN LLP
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**AIRGAS USA, LLC'S NOTICE OF REMOVAL**

**Compliance with the Procedural Requirements for Removal**

1.      Airgas is the sole named defendant in the action styled *Lit'l Pepper Gourmet, Inc. v. Airgas USA, LLC*, pending as Case Number 37-2019-00016827-CU-BT-CTL in the Superior Court of the State of California for the County of San Diego (the "State Court Action").

2.      Plaintiff, Lit'l Pepper Gourmet, Inc. ("Plaintiff") filed the Complaint in the State Court Action (the "Complaint") on March 29, 2019.

3.      Plaintiff served the Complaint on Airgas on April 3, 2019. *See* Declaration of Alexandra Mora, at ¶ 2, attached as **Exhibit "D."**

4.      In accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), Airgas files this Notice of Removal within thirty (30) days of service of the Complaint.

5.      In accordance with 28 U.S.C. § 1446(a), Airgas attaches true and correct copies of all process, pleadings, and orders served on it in the State Court Action as **Composite Exhibit "A."**  *See* Declaration of Alexandra Mora, at ¶ 2.

6.      Promptly after filing this Notice of Removal, Airgas will give written notice of the removal to Plaintiff through its attorneys of record in the State Court Action, as well as to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

7.      This case may be properly removed to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332, 1441(a), and 1453. The San Diego County Superior Court is located within the jurisdiction of the United States District Court for the Southern District of California.

8.      As set forth below, removal is proper under 28 U.S.C. §§ 1332(d) and 1453 because this case alleges (a) a class action, (b) with proposed classes containing 100 or more members in the aggregate, (c) in which Plaintiff is a citizen of a state that is different from Airgas, and (d) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

**AKERMAN LLP**
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**AKERMAN LLP**

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**Citizenship of the Parties**

9.      Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).  "[I]n practice," a corporation's nerve center should "normally be the place where the corporation maintains its headquarters." *Id.*  "The public often (though not always) considers it the corporation's main place of business." *Id.* at 93.

10.     A limited liability company is a citizen of every state which its owners/members are citizens.  *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

11.     According to the Complaint, Plaintiff is a California corporation located in San Diego, California.  Compl. at ¶ 13.  Pursuant to the *Hertz* nerve center test, Plaintiff has its principal place of business in San Diego, California, where its headquarters are located.[1]

12.     Airgas is a limited liability company whose sole member is Airgas, Inc., a Delaware corporation with its principal place of business in Pennsylvania.  *See* Declaration of Shawn Cruikshank, at ¶ 4, attached as **Exhibit "C."**  Pursuant to the *Hertz* nerve center test, Airgas, Inc. has its principal place of business in Radnor, Pennsylvania, where its headquarters are located.

/ / /

---

[1] In its Complaint, Plaintiff merely alleges that it is a California corporation; Plaintiff does not allege where it has its principal place of business.  Plaintiff's most recent filings with the California Secretary of State on October 31, 2018 and May 9, 2013, reflect that San Diego, California is the company's current principal place of business.  These filings are attached hereto as **Composite Exhibit "B."**  *See* Declaration of Alexandra Mora, at ¶ 4.

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

13.  The Complaint seeks relief on behalf of the following putative class:

> All entities who reside in California who paid Airgas USA a "Fuel Surcharge" from four years before the filing of this action to the date of class certification.

Compl. at ¶ 17.

14.  Thus, there is diversity of citizenship between the named plaintiff and members of the putative class (California), on the one hand, and Airgas (Delaware and Pennsylvania), on the other.

**Compliance with the Procedural Requirements for Removal**

15.  Under the Class Action Fairness Act of 2005 ("CAFA"), a "class action" may be removed where "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2) and 1453. For the $5,000,000 jurisdictional requirement, "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

16.  "Congress intended CAFA to be interpreted expansively."  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (quoting *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).  Evidence establishing the amount is required only when plaintiffs contest the defendant's assertion of the amount in controversy.  *Ibarra*, 775 F.3d at 1197 (citing *Dart*, 135 S. Ct. at 554).  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Ibarra*, 775 F.3d at 1197 (quoting *Dart*, 135 S. Ct. at 554).

17.  In support of an allegation that the amount-in-controversy threshold is satisfied, a removing defendant may submit specific factual details—including declarations and affidavits—to support its contentions.  *See Ibarra*, 775 F.3d at 1197

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   ("The parties may submit evidence outside the complaint, including affidavits or

2   declarations, or other 'summary-judgment-type evidence relevant to the amount in

3   controversy at the time of removal.'") (quoting *Singer v. State Farm Mut. Auto. Ins.*

4   *Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

5       18.     Plaintiff purports to bring this action as a class action under California

6   law.  Compl. at ¶¶ 10, 35, 36–52.  California Code of Civil Procedure Section 382

7   pertaining to class actions is similar to Federal Rule of Civil Procedure 23.  The State

8   Court Action thus constitutes a "class action."  *See* 28 U.S.C. § 1332(d)(1).

9       19.     At least minimum diversity exists because the named plaintiff is a citizen

10   of a state different from Airgas.  *See* 28 U.S.C. § 1332(d)(2).

11       20.     The amount in controversy exceeds $5,000,000, exclusive of interest and

12   costs.  The Complaint alleges Plaintiff and members of the putative class paid a "Fuel

13   Surcharge" that bore no relation to Airgas's actual fuel costs.  *See, e.g.,* Compl. at ¶ 7

14   ("The 'Fuel Surcharge' bears absolutely no relation to Airgas USA's actual increased

15   fuel costs (or its actual fuel costs) and Airgas USA does not use the proceeds from the

16   'Fuel Surcharge' to offset its increased fuel costs (or its actual fuel costs);" *id*. at ¶ 20

17   ("In actuality, the 'Fuel Surcharge' is unrelated to Airgas USA's actual or increased

18   fuel costs, and is not charged to defray those increased costs.").  Plaintiff alleges

19   instead that the Fuel Surcharge is a hidden rate increase designed to generate profit.

20   *See, e.g., id*. at ¶ 8 ("Airgas uses the 'Fuel Surcharge' simply to generate extra profit

21   at its customers' expense, all the while deceiving customers into believing that the fee

22   is a legitimate charge directly related to actual increased fuel costs it incurs[.]"); *id*. at

23   ¶ 32 (alleging that the "Fuel Surcharge" "is recognized as revenue and contributes

24   directly to Airgas USA's profit."); *id*. at ¶ 34 (alleging that Airgas "devised,

25   implemented, and set the amount of the 'Fuel Surcharge' simply to increase its

26   profits[.]").  Thus, Plaintiff challenges the entire amount of the Fuel Surcharge.

27   / / /

28   / / /

21.     Based on these allegations, Plaintiff purports to allege (1) violations of California's Unfair Competition Law and (2) violations of California's False Advertising Law.  Compl. at ¶¶ 36–52.

22.     Airgas disputes Plaintiff's characterization of the "Fuel Surcharge," denies Plaintiff's allegations and claims, denies class certification is appropriate, denies liability, and denies Plaintiff or any member of the putative class is entitled to any damages whatsoever.  Without prejudice to Airgas's continued reservation of all defenses to liability, damages, and class certification in this action, Airgas has calculated (a) the amount of Fuel Surcharges, (b) charged by Airgas to entities residing in California, (c) from April 2015 through March 2019.  As detailed in paragraph 9 of the Declaration of Shawn Cruikshank, attached as Exhibit "C," these charges total **$5,386,059**.

23.     CAFA's expanded jurisdiction applies to class actions comprised of 100 or more members.  The removing defendant must prove by a preponderance of the evidence that CAFA's numerosity requirement is satisfied.  *Coit v. Fidelity Assur. Assocs., LLC*, No. C 08-02585, 2008 WL 3286978, *4 (N.D. Cal. Aug. 6, 2008) (citing *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006)).  In *Coit*, in holding the defendants failed to satisfy CAFA's numerosity requirement by a preponderance of evidence, the court observed the defendants did not support their assertion the putative class consisted of 106 members with any factual evidence or support, such as with "an attached declaration or document briefly summarizing why 106 individuals comprise the putative class."  2008 WL 3286978 at *4.

24.     Plaintiff alleges the "number of putative members of the class exceeds 60 members" and "is so numerous that separate joinder of each member is impracticable."  Compl. at ¶ 22.  As set forth in paragraph 11 of the Declaration of Shawn Cruikshank, Airgas has well over 100 customers that are California residents who were charged the disputed "Fuel Surcharge" during the time period at issue.  *See* 28 U.S.C. § 1332(d)(5)(B).

**AKERMAN LLP**
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**AIRGAS USA, LLC'S NOTICE OF REMOVAL**

1    25.    None of CAFA's discretionary or mandatory exceptions to jurisdiction

2  apply here because, as discussed above, Airgas is a citizen of Delaware and

3  Pennsylvania. *See* 28 U.S.C. §§ 1332(d)(3)-(d)(4).

4    26.    Accordingly, because the State Court Action is a putative class action

5  with 100 or more class members, is between citizens of different states, and places

6  more than $5,000,000 in controversy, removal is proper pursuant to 28 U.S.C.

7  §§ 1332(d) and 1453.

8    WHEREFORE, defendant Airgas hereby removes the State Court Action from

9  the San Diego County Superior Court.

10

11                                          Respectfully submitted.

12  Dated:  May 3, 2019

13                                          **AKERMAN LLP**

14

15                                          By */s/ Kanika Corley*
                                               KANIKA CORLEY
16                                             Attorneys for Defendant
                                               AIRGAS USA. LLC
17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**AIRGAS USA, LLC'S NOTICE OF REMOVAL**