# COMPOSITE EXHIBIT A



## Register of Actions (ROA)

**Case Information**

| | | | |
|---|---|---|---|
| Case Number: | **37-2019-00016827-CU-BT-CTL** | Date Filed: | 03/29/2019 |
| Case Title: | LIT L PEPPER GOURMET INC vs Airgas USA LLC [EFILE] | Case Status: | Pending |
| Case Category: | Civil - Unlimited | Location: | Central |
| Case Type: | Business Tort | Judicial Officer: | Randa Trapp |
| Case Age: | 34 days | Department: | C-70 |

**Future Events**

| Event Date | Event Time | Location | Event Type |
|---|---|---|---|
| 09/06/2019 | 10:00 AM | C-70 | Civil Case Management Conference - Complaint |

**Participants**

| Name | Role | Representation |
|---|---|---|
| Airgas USA LLC | Defendant | |
| LIT L PEPPER GOURMET INC | Plaintiff | Landay, John K; Licari, Michael A. |

**Representation**

| Name | Address | Phone Number |
|---|---|---|
| LANDAY, JOHN K | 101 W Broadway 300 San Diego CA 92101 | |
| LICARI, MICHAEL A | 7801 Mission Court Court 240 San Diego CA 92108 | |

**Register of Actions**

All Entries  Filing Entries  Minutes Entries  Scheduling Entries

Enter text to search

| ROA# | Entry Date | Short/Long Entry | Filed By | Document | Cart |
|---|---|---|---|---|---|

| ROA# | Entry Date | Short/Long Entry | Filed By | Document | Cart |
|------|-----------|------------------|----------|----------|------|
| 8 | 04/12/2019 | Proof of Service of 30-day Summons & Complaint – Personal filed by LIT L PEPPER GOURMET INC. Refers to: Airgas USA LLC | LIT L PEPPER GOURMET INC (Plaintiff) | Proof of Service of 30-day Summons & Complaint - Personal - AIRGAS USA | **Add to Cart** |
| 7 | 04/02/2019 | Case initiation form printed. | | Notice of Case Assignment SD | **Add to Cart** |
| 6 | 04/02/2019 | Civil Case Management Conference scheduled for 09/06/2019 at 10:00:00 AM at Central in C-70 Randa Trapp. | | | |
| 5 | 03/29/2019 | Case assigned to Judicial Officer Trapp, Randa. | | | |
| 4 | 04/02/2019 | Summons issued. | | | |
| 3 | 03/29/2019 | Original Summons filed by LIT L PEPPER GOURMET INC. Refers to: Airgas USA LLC | LIT L PEPPER GOURMET INC (Plaintiff) | Original Summons | **Add to Cart** |
| 2 | 03/29/2019 | Civil Case Cover Sheet filed by LIT L PEPPER GOURMET INC. Refers to: Airgas USA LLC | LIT L PEPPER GOURMET INC (Plaintiff) | Civil Case Cover Sheet | **Add to Cart** |
| 1 | 03/29/2019 | Complaint filed by LIT L PEPPER GOURMET INC. Refers to: Airgas USA LLC | LIT L PEPPER GOURMET INC (Plaintiff) | | |
| 1 | 03/29/2019 | [A document for ROA# 1] | | Complaint | **Add to Cart** |

| | | | **1** | | |

THE INFORMATION IN THIS REGISTER OF ACTIONS IS PROVIDED AS IS, WITHOUT WARRANTY BY THE SAN DIEGO SUPERIOR COURT AS TO CONTENT OR ACCURACY OF THE INFORMATION. The Entry Date on the Register of Actions may not always reflect the actual filing date of a document and not all documents filed with the Court are listed on the Register of Actions. It is recommended that users refer to the case file for confirmation.

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| John K Landay (SBN 257573)<br>Landay Roberts LLP<br>101 W. Broadway, Suite 300<br>San Diego, CA  92101<br>TELEPHONE NO.: (619) 230-5712     FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiffs | **ELECTRONICALLY FILED**<br>Superior Court of Califonia,<br>County of San Diego<br><br>**03/29/2019** at 11:11:37 PM<br><br>Clerk of the Superior Court<br>By Marc David,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA  92101
BRANCH NAME: Central

CASE NAME:
LIT'L PEPPER GOURMET, INC., etc. v. AIRGAS USA, LLC

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 37-2019-00016827-CU-BT-CTL |
|---|---|---|
| ☒ Unlimited      ☐ Limited<br>(Amount            (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Randa Trapp<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☒ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* Two
5. This case ☒ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 29, 2019
John K. Landay, Esq.
      (TYPE OR PRINT NAME)      ►      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
        *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36) Other
        Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer
            or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
            Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case
            Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment *(non-
        domestic relations)*
        Sister State Judgment
        Administrative Agency Award
        *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified
        above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
        harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified
        above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
            Claim
        Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com

*4/3/19 2:04 pm*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> Airgas USA, LLC, a Delaware limited liability company <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> LIT'L PEPPER GOURMET, INC., a California corporation, individually and on behalf of those similarly situated | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> **03/29/2019** at 11:11:37 PM <br><br> Clerk of the Superior Court <br> By Marc David, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> San Diego Superior Court <br> 330 W. Broadway <br> San Diego, CA  92101 <br> Central Division | **CASE NUMBER:** <br> *(Número del Caso):*    37-2019-00016827-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John K. Landay (SBN 257573) Landay Roberts LLP   (619) 230-5712
101 W. Broadway, Suite 300
San Diego, CA  92101

| | | |
|---|---|---|
| DATE: <br> *(Fecha)*   04/02/2019 | Clerk, by <br> *(Secretario)*   M. David | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Air Gas USA LLC
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4/3/19

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc. <br> www.FormsWorkflow.com |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

John K. Landay, Esq. (257573)
jlanday@landayroberts.com
**LANDAY ROBERTS LLP**
101 West Broadway, Suite 300
San Diego, CA 92101
Telephone: (619) 230-5712

Michael A. Licari, Esq. (265241)
mike@SL2Law.com
**SPRINKLE LLOYD & LICARI LLP**
2801 B Street, Suite 556
San Diego, CA 92102
Telephone: (858) 717-0013

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/29/2019** at 11:11:37 PM
Clerk of the Superior Court
By Marc David,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| LIT'L PEPPER GOURMET, INC., a California corporation, individually and on behalf of those similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>Airgas USA, LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No.  37-2019-00016827-CU-BT-CTL<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>  1.  Unlawful, Unfair and Fraudulent Practices (Cal. Bus. & Prof. Code §17200 et. seq.); and<br><br>  2.  Unfair, Deceptive, and Misleading Advertising (Cal. Bus. & Prof. Code § 17500 et. seq.).<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff Lit'l Pepper Gourmet, Inc. individually and on behalf of classes of all California persons and entities who are similarly situated, and assert this Class Action Complaint against Airgas USA, LLC.

## NATURE OF THE CASE

1.      Airgas USA, LLC (hereinafter "Airgas USA") manufactures and distributes industrial gases, medical and specialty gases, welding supplies, and related safety products. This includes the manufacture and delivery of specialty gases to breweries, wineries, bottlers, and dispensers, including Carbon Dioxide, to restaurants, such as Plaintiff, and other establishments that dispense carbonated beverages.

2.      In addition to the amount Airgas USA charges its customers for the sale and delivery of its products, Airgas USA charges its California customers a fee it calls a "Fuel Surcharge Flat." The term "Fuel Surcharge" has a specific and understood meaning

3.      Airgas USA uses the term "Fuel Surcharge" to create the false impression that the fee is a legitimate charge related to increased fuel costs Airgas USA incurs in delivering products to its customers.

4.      Airgas USA further uses the term "Fuel Surcharge" to create the false impression that the fee varies in accordance with its increased fuel costs and that the revenue from the "Fuel Surcharge" is used to offset those increased costs.

5.      Airgas USA states in its contracts that "Buyer shall pay Seller a surcharge in the event of any extraordinary or emergency increases in the cost of ... fuel" but charges this "Fuel Surcharge" on an ongoing basis absent such notice or the existence of such events.

6.      Airgas represents that it is this nation's leading single-source supplier of gases,

CLASS ACTION COMPLAINT

welding equipment and supplies, and safety products[1], thereby giving it significant leverage over its customers to whom it charges this "Fuel Surcharge."

7.     Airgas USA's representations, omissions, and practices in charging the "Fuel Surcharge" are deceptive and unfair. The "Fuel Surcharge" bears absolutely no relation to Airgas USA's actual increased fuel costs (or its actual fuel costs) and Airgas USA does not use the proceeds from the "Fuel Surcharge" to offset its increased fuel costs (or its actual fuel costs). The amount of the "Fuel Surcharge" generally does not change, despite decreases in Airgas USA's fuel costs. Further, Airgas USA includes any increases in fuel costs it might incur in delivering products in the standard prices it charges customers.

8.     Airgas USA uses the "Fuel Surcharge" simply to generate extra profit at its customers' expense, all the while deceiving customers into believing that the fee is a legitimate charge directly related to actual increased fuel costs it incurs, which it falsely claims it cannot control.

9.     By charging this relatively small "Fuel Surcharge" to hundreds, if not thousands, of its customers, Airgas USA reaps a handsome profit without expectation of challenge, all but insulated from liability that otherwise would be imposed under California law.

10.    Airgas USA's conduct constitutes a violation of California's Unfair Competition Law (Cal. Bus. & Prof. § 17200, *et seq.*), and a violation of California's False Advertising Law (Cal. Bus. & Prof. § 17500, *et seq.*). Plaintiff and hundreds of similarly situated individuals and small businesses in California have been damaged through this conduct by paying inflated and unlawful fees that acted as hidden rate increases. Plaintiff brings this action to recover those fees.

11.    Finally, this case presents a prototypical situation for class treatment. Airgas

---

[1] See *Our Company* <https://www.airgas.com/company> (as of March 28, 2019).

USA's conduct—including all relevant practices, deception, representations, and omissions—is uniform among all customers. Airgas USA uniformly uses the term "Fuel Surcharge" on its invoices. The application of common California law to a shared course of conduct will determine liability for the class as a whole, ensuring that the rights of thousands of small businesses and individuals are vindicated through the efficiency of a single trial.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this action and venue is proper in this Court because jurisdiction and venue in that a substantial portion of Defendant's conduct that forms the basis of this action occurred in San Diego County, California. Defendant does business here and has received and continues to receive substantial revenue and profits from its unlawful conduct in San Diego County, California. Plaintiff also resides here.

## PARTIES

13.    Plaintiff Lit'l Pepper Gourmet, Inc. (hereinafter, "Lit'l Pepper Gourmet") is a California corporation located in San Diego, California. Plaintiff was invoiced for and paid a "Fuel Surcharge" on multiple occasions. (See, e.g., Exhibit A).

14.    Defendant Airgas USA is a Delaware limited liability company with its principal place of business in Radnor, Pennsylvania. Defendant Airgas USA has dozens of locations in southern California

15.    Defendant is registered in California as a foreign limited liability company. Defendant's whose California appointed agent for service of process is C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California, 90017.

16.    Defendant Airgas USA received all of the "Fuel Surcharges" at issue and is responsible, either directly or indirectly, for the conduct at issue in this matter.

## CLASS REPRESENTATION ALLEGATIONS

17.    Plaintiff brings this action as a class action and proposes the following class:

All entities who reside in California who paid Airgas USA a "Fuel Surcharge" from four years before the filing of this action to the date of class certification.

18.    Plaintiff excludes entities in bankruptcy, entities whose obligations have been discharged in bankruptcy, governmental entities, and judicial officers who preside over this case.

19.    Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class that does not require individual inquiry to determine liability.

20.    The exact number of class members is unknown to Plaintiff at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Airgas USA its agents.  Upon information and belief, the number of putative members of the class exceeds 60 members.

## EXISTENCE AND PREDOMINANCE OF
## COMMON QUESTIONS OF LAW AND FACT

21.    There are common questions of law and fact common and of general interest to the class.  These common questions of law and fact predominate over any questions affecting only individual members of the class.  Such common questions include, but are not limited to, the following:

a.  Whether Airgas USA charges excessive amounts for its "Fuel Surcharge."

b.  Whether the "Fuel Surcharge" is directly related to Airgas USA's increased cost of fuel or actual cost of fuel.

c.  Whether Airgas USA uses the "Fuel Surcharge" to offset its increased fuel costs.

d.  Whether the "Fuel Surcharge" fluctuates as Airgas USA's actual fuel costs fluctuate.

e.  Whether the "Fuel Surcharge" is tied to any extraordinary or emergency increase in the price of fuel.

f.  Whether Airgas USA's use of the term "Fuel Surcharge" is deceptive.

g.  Whether Airgas USA has misrepresented facts about the "Fuel Surcharge".

h.  Whether Airgas USA has omitted material facts about the "Fuel Surcharge."

i.  Whether the "Fuel Surcharge" bears any relation to Defendant's increased costs of fuel or its actual cost of fuel.

j.  Whether Airgas USA's representations and omissions regarding the "Fuel Surcharge" constitute a deceptive trade practice.

k.  Whether Airgas USA has been unjustly enriched by charging the "Fuel Surcharge."

l.  Whether the term "Fuel Surcharge" is likely to mislead a reasonable person.

m.  Whether Plaintiff and class members are entitled to class relief as requested herein.

n.  Whether Airgas USA is recovering for the same alleged cost twice, i.e., once in the actual rate and then again in the actual surcharge or fee.

## TYPICALITY AND NUMEROSITY

22.    The claims of the named Plaintiff are typical of the claims of the respective classes. Upon information and belief, the total number of members of each putative class exceeds 60 members and is so numerous that separate joinder of each member is impracticable.

## ADEQUATE REPRESENTATION

23.    Plaintiff will fairly and adequately protect the interests of the members of the class and have no interest antagonistic to those of other class members.   Plaintiff has retained class counsel competent to prosecute class actions, and such class counsel is financially able to represent the classes.

## SUPERIORITY

24.    The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable.  The interests of judicial economy favor adjudicating the claims for the Plaintiff class rather than on an individual basis.  The class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court.

25.    Questions of law and fact predominate over any questions affecting only individual members.

## FACTUAL ALLEGATIONS

26.    Plaintiff is a restaurant in San Diego, California.

27.    Airgas USA is a nation-wide multi-billion-dollar manufacturer and distribution company headquartered in Radnor, Pennsylvania. Airgas USA marketed, sold, and delivered products, including Carbon Dioxide, to Plaintiff in exchange for a per item cost. But in addition to this amount, Airgas USA also charged Plaintiff the fee that is the subject of this lawsuit.

28.    Airgas is one of the nation's leading single-source supplier of gases, welding equipment and supplies, and safety products, thereby giving it significant bargaining over its customers to whom it charges this "Fuel Surcharge."

29.    Airgas USA has Carbon Dioxide manufacturing facilities located in northern, central and southern California that would mitigate the need for the "Fuel Surcharge."

30.    Plaintiff did not have full knowledge of all facts when it paid the "Fuel Surcharge." Among other things, Plaintiff did not know Airgas USA's fuel costs, did not know that the "Fuel Surcharge" does not, in fact, reflect Airgas USA increased fuel costs, and did not know the "Fuel Surcharge" bears no relationship to Airgas USA fuel costs or to an emergency or extraordinary rise its fuel costs.

31.    Airgas USA calls this fee a "Fuel Surcharge." The naming of the fee is not an accident. The term "Fuel Surcharge" has a specific and understood meaning. Airgas USA labeled it as such to create the impression that the purpose of the "Fuel Surcharge" is to recover the increased fuel costs it incurs in delivering products to its customers. As such, Airgas USA represents that the "Fuel Surcharge" is directly related to its increased cost of fuel, that this fee fluctuates as Airgas USA's fuel cost fluctuates, and that this fee is used to offset those increased fuel costs. By using the term "Fuel Surcharge"—a term which Airgas USA has uniformly used on every invoice received by every Class Member charged this fee—Airgas USA represents that this fee is directly related to its increased fuel costs and that this fee will be used to defray such costs.

32.    In actuality, the "Fuel Surcharge" is unrelated to Airgas USA's actual or increased fuel costs and is not charged to defray those increased costs. The "Fuel Surcharge" does not vary or fluctuate in accordance with Airgas USA's actual increased fuel costs and the method by which Airgas USA determines the "Fuel Surcharge" has no relation to its increased fuel costs or any changes in those costs. Airgas USA has done no legitimate analysis to determine the proper amount of the "Fuel Surcharge" in connection to its increased fuel costs. Airgas USA does not

apply the money received from the "Fuel Surcharge" to offset its increased fuel costs; rather, it is recognized as revenue and contributes directly to Airgas USA's profit. Airgas USA's per gallon fuel costs are lower today than when the "Fuel Surcharge" was implemented, yet Airgas USA still charges this fee.

33.    Airgas USA also has omitted material facts regarding the "Fuel Surcharge." For example, Airgas USA does not disclose that the "Fuel Surcharge" is not related to Airgas USA's increased fuel or actual fuel costs, that the "Fuel Surcharge" is not applied to Airgas USA's fuel costs, that Airgas USA's actual cost of fuel is not a factor in the amount of the "Fuel Surcharge," or that the "Fuel Surcharge" is recognized as profit. Airgas USA does not disclose its actual fuel costs to customers nor does it disclose the methodology, to the extent there is one, used to determine the amount of the "Fuel Surcharge." And Airgas USA never discloses that the amount of "Fuel Surcharges" charged to customers substantially exceeds its actual increased fuel costs if any.

34.    In truth, Airgas USA devised, implemented, and set the amount of the "Fuel Surcharge" simply to increase its profits without any intent of recovering the increased fuel costs it incurs in selling goods to customers.

35.    This naming, implementation, and charging of the "Fuel Surcharge" is designed by Airgas USA to deceive its customers, is likely to deceive those customers acting reasonably under the circumstances and did, in fact, deceive Plaintiff and Airgas USA's other customers to their detriment in that each paid a "Fuel Surcharge." [2]    Airgas USA's misrepresentations, omissions,

_____

[2] Plaintiff does not claim that it did not know about the "Fuel Surcharge." Rather, Plaintiff's claims arise from the fact that the "Fuel Surcharge" (labeled as such by Airgas USA), was not – in intent or effect – designed to recover Airgas USA's increased or actual fuel costs. In other words, while

and deceptive practices violate California's Unfair Competition Law (Cal. Bus. & Prof. § 17200, *et seq.*) and California's False Advertising Law (Cal. Bus. & Prof. § 17500, *et seq.*).

### FIRST CAUSE OF ACTION

**Unlawful, Unfair and Fraudulent Business Practices**

(Cal. Bus. & Prof. § 17200, *et seq.*)

36.    All allegations and paragraphs in this complaint are incorporated by reference.

37.    Plaintiff alleges that the Fuel Surcharge is unlawful, unfair, and fraudulent.

38.    Through the conduct described herein, and particularly through the charging and collecting of unlawful, misrepresented, and excessive fees to Plaintiff and members of the public, Airgas USA has engaged in unlawful, deceptive, and unfair business acts within the meaning of California Business and Professions Code § 17200 *et seq.*  Airgas USA's acts and practices offend an established public policy, and Airgas USA has engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers including Plaintiff.

39.    Airgas USA's acts of unlawful, unfair, and fraudulent business practices include violations of the California Civil Code §§1572, 1573, 1709, 1711, 1770, 1670.5, among other provisions, and the common law.  Such acts include, but are not limited to:

      a.   charging Fuel Surcharges which are excessive, unreasonable, and unlawful;

      b.   misrepresenting the purpose and nature of the Fuel Surcharges;

      c.   misrepresenting and omitting that the Fuel Surcharges bear no relation to Airgas USA's cost of fuel or increased cost of fuel;

---

Airgas USA may have made Plaintiff and other class members aware of the existence of the fee, Airgas USA did not disclose to its customers that its "Fuel Surcharge" was not designed to recover its increased fuel costs as the name of the fee suggests.

d.  misrepresenting and omitting to reveal that the Fuel Surcharges are not designed to cover Airgas USA's fuel costs or increased fuel costs;

e.  omitting to reveal the Fuel Surcharges are used to create profit for Airgas USA;

f.  misrepresenting and omitting to reveal that Airgas USA recovers for all fuel costs and increased fuel costs through other fees and charges apart from the Fuel Surcharges;

g.  charging Fuel Surcharges which are unconscionable;

h.  charging a "Fuel Surcharge" which bears no relation to Airgas USA's actual or increased costs;

i.  charging a "Fuel Surcharge" which does not include Airgas USA's actual costs in the calculation of the amount the "Fuel Surcharge"; and

j.  charging a "Fuel Surcharge" when Airgas USA's fuel costs decrease.

40.    Plaintiff reserves the right to allege other violations that constitute other unlawful business acts or practices. Upon information and belief, Airgas USA's wrongful conduct in violation of § 17200, *et seq.* is ongoing and continues to this date.

41.    There were reasonably available alternatives to further Airgas USA's legitimate business interests, other than its conduct described herein.

42.    Airgas USA's actions, nondisclosures, and misleading statements, as alleged in this Complaint, were and are likely to deceive Plaintiff and the public and are intended to deceive Plaintiff and members of the public. Plaintiff has in fact been deceived and has relied on Airgas USA representations and omissions. This reliance has caused harm to Plaintiff and Plaintiff has suffered injury in fact and lost money as a result of Airgas USA's unlawful, unfair, and fraudulent practices. Plaintiff has paid the unlawful fees.

43.    As a result of its unlawful, unfair, and fraudulent practices, Airgas USA has been able to reap unjust revenue and profit. Further, upon information and belief, unless restrained and enjoined, Airgas USA will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate here.

44.    Airgas USA's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Airgas USA engages in false advertising, misrepresents and omits material facts regarding the improper fees, and thereby offends an established public policy, and engages in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers including Plaintiff and the general public.

45.    As a result of the deceptive and unfair practices described above, Plaintiff and each putative class member paid the improper "Fuel Surcharges" to their detriment.

## SECOND CAUSE OF ACTION

### False and Misleading Statements

(Cal. Bus. & Prof. § 17500, *et seq.*)

46.    All allegations and paragraphs in this complaint are incorporated by reference.

47.    Through the conduct described herein, and particularly through the charging and collecting of unreasonable fuel surcharges from Plaintiff and members of the public, Airgas USA has engaged in unfair, deceptive, and misleading advertising within the meaning of California Business and Professions Code § 17500 *et seq.* Airgas USA's acts and practices offend an established public policy, and Airgas USA has engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers including Plaintiff.

48.    Airgas USA made and disseminated false and misleading statements to Plaintiff and members of the public regarding the nature, purpose, and effect of the fees, as well as regarding

the fuel costs Airgas USA incurs.  Airgas USA created false impressions which it failed to correct and concealed material information regarding the fees.

49.    Upon information and belief, Airgas USA's wrongful conduct in violation of Business & Professions Code § 17500, *et seq.* is ongoing and continues to this date.  Airgas USA acted knowingly and intentionally.  There were reasonably available alternatives to further Airgas USA legitimate business interests, other than the conduct described herein.

50.    Airgas USA's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, are likely to deceive Plaintiff and the public, and were intended to deceive Plaintiff and members of the public.  Plaintiff has in fact been deceived and has relied on Airgas USA's representations and omissions.  This reliance has caused harm to Plaintiff and Plaintiff has suffered injury in fact and lost money as a result of Airgas USA unlawful, unfair, and fraudulent practices.  Plaintiff has paid the unlawful Fuel Surcharges.

51.    As a result of its deception, Airgas USA has been able to reap unjust revenue and profit.  Further, upon information and belief, unless restrained and enjoined, Airgas USA will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

52.    Plaintiff, on behalf of itself, all others similarly situated, and the general public, seeks restitution of all money improperly obtained from Plaintiff and class members; an injunction prohibiting Airgas USA from continuing such practices; and all other relief the Court deems proper and just, consistent with, *inter alia*, Business & Professions Code §17203.

## REQUEST FOR JUDGMENT

Plaintiff asks for judgment against Airgas USA in its and the putative classes' favor, as follows:

1.   For an order certifying this action as a class action;

2.   For full restitution of the excessive portion of the Fuel Surcharges paid by the class;

3.   For damages in the amount of the excessive portion of the Fuel Surcharges paid by the classes;

4.   For injunctive relief enjoining Airgas from continuing to charge the Fuel Surcharges to its California customers in violation of California law;

4.   For attorneys' fees; and

5.   For all other relief which is deemed equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs and members of the Class hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

DATED: March 29, 2019        By:   *John K. Landay*
                                   John K. Landay, Esq.
                                   LANDAY ROBERTS, LLP


                                   *Michael Licari*
                                   Michael A. Licari, Esq. (265241)
                                   SPRINKLE LLOYD & LICARI LLP
                                   Attorneys for Plaintiff

# EXHIBIT A

ENSURE PROPER CREDIT, PLEASE RETURN THE UPPER PORTION WITH YOUR REMITTANCE. FOR QUESTIONS ON YOUR ACCOUNT PLEASE CALL: 800-224-7427

| ORDER NO. | INVOICE NO. | INVOICE DATE | SOLD TO NO. | SOLD TO NAME |
|---|---|---|---|---|
| 1068704147 | 9075660591 | 05/02/2018 | 1658108 | LIT'L PEPPER GOURMET |

| PO / RELEASE | ORDERED BY | SHIP VIA | PAYMENT TERMS | ORDER DATE |
|---|---|---|---|---|
| | Yasmin 619-277-8259 | ARGTRK | NET 30 | 05/01/2018 |

| DELIVERY NO. / DESCRIPTION | MATERIAL NUMBER | QTY SHIP'D | UOM | QTY B/O | CYLINDER SHIP'D RET'D | UNIT PRICE | UOM | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 8075211753  CD FG50 | | 2 | CL | | 2    2 | 77.02 | CL | 154.04 N |
| CARBON DIOXIDE FG/IND 50LB  (Vol: 50 LBS) | | | | | | | | (H) |

```
                                          Sale subtotal:        154.04
             Delivery Flat Fee                                   27.75
             Fuel Surcharge Flat                                 10.30
             Airgas Hazmat Charge                                21.70

Airgas Hazmat Charge (H) - see Itemized Charges on reverse or visit www.Airgas.com/terms-of-sale
```

| AMOUNT | 213.79 |
|---|---|

**Airgas.**
an Air Liquide company

AIRGAS USA, LLC
PO Box 93500
Long Beach, CA  90809-3500

SHIP TO: 1658108
LIT'L PEPPER GOURMET
8911 COMPLEX DR STE C
SAN DIEGO CA 92123-1412

FOR WIRE TRANSFER PAYMENTS
Airgas USA, LLC
Acct No 8606074158
PNC Bank, ABA No 031000053

For change of address
email to: wdiv_adrss@airgas.com
or call 562-627-3279

REV 6.1.16 0019354

Page 1 of 1

TO ENSURE PROPER CREDIT, PLEASE RETURN THE UPPER PORTION WITH YOUR REMITTANCE. FOR QUESTIONS ON YOUR ACCOUNT PLEASE CALL: 800-224-7427

| ORDER NO. | INVOICE NO. | INVOICE DATE | SOLD TO NO. | SOLD TO NAME |
|---|---|---|---|---|
| 1073125830 | 9080936706 | 10/01/2018 | 1658108 | LIT'L PEPPER GOURMET |

| PO / RELEASE | ORDERED BY | SHIP VIA | PAYMENT TERMS | ORDER DATE |
|---|---|---|---|---|
| | | ARGTRK | NET 30 | 09/28/2018 |

| DELIVERY NO. / DESCRIPTION | MATERIAL NUMBER | QTY SHIP'D | UOM | QTY B/O | CYLINDER SHIP'D / RET'D | UNIT PRICE | UOM | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 8080116030  CD FG50 | | 2 | CL | | 2    2 | 77.02 | CL | 154.04 N |
| CARBON DIOXIDE FG/IND 50LB  (Vol: 100 LBS) | | | | | | | | (H) |
| Cyl Maintenance Fee | | | | | | | | 4.50 |
| | | | | | | Sale subtotal: | | 158.54 |
| Delivery Flat Fee | | | | | | | | 27.75 |
| Fuel Surcharge Flat | | | | | | | | 10.10 |
| Airgas Hazmat Charge | | | | | | | | 21.70 |

Airgas Hazmat Charge (H) - see Itemized Charges on reverse or visit www.Airgas.com/terms-of-sale

| AMOUNT | 218.09 |
|---|---|

**Airgas.**
an Air Liquide company

AIRGAS USA, LLC
PO Box 93500
Long Beach, CA  90809-3500

013743
REV 6.1.16        0017985

SHIP TO: 1658108
LIT'L PEPPER GOURMET
8911 COMPLEX DR STE C
SAN DIEGO CA 92123-1412

FOR WIRE TRANSFER PAYMENTS
Airgas USA, LLC
Acct No 8606074158
PNC Bank, ABA No 031000053

For change of address
email to: wdiv_adrss@airgas.com
or call 562-627-3279

Page 1 of 1

 CT Corporation

**Service of Process Transmittal**
04/03/2019
CT Log Number 535224926

**TO:** Mary Charlotte Doherty
AIRGAS, INC.
259 N Radnor Chester Rd Ste 100
Radnor, PA 19087-5283

**RE:** **Process Served in California**

**FOR:** Airgas USA, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LIT'L PEPPER GOURMET, INC., etc., Pltf. vs. Airgas USA, LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Cover sheet, Instructions, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | San Diego County - Superior Court, CA<br>Case # 37201900016827CUBTCTL |
| **NATURE OF ACTION:** | Product Liability Litigation - Records related to product liability litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/03/2019 at 14:21 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Calendar Days |
| **ATTORNEY(S) / SENDER(S):** | Michael A. Licari<br>SPRINKLE LLOYD & LICARI LLP<br>2801 B Street, Suite 556<br>San Diego, CA 92102<br>(858) 717-0013 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/03/2019, Expected Purge Date: 04/08/2019 |
| | Image SOP |
| | Email Notification,  Lola Lin  Lola.Lin@airgas.com |
| | Email Notification,  Kathleen MacMurray  Kat.MacMurray@airgas.com |
| | Email Notification,  Amy Bashore  Amy.Bashore@airgas.com |
| | Email Notification,  Mary Charlotte Doherty  Mary.Charlotte.Doherty@Airgas.com |
| | Email Notification,  MONICA MUEHSAM  monica.muehsam@airgas.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / MP

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This Information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any Information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7070 | |

| PLAINTIFF(S) / PETITIONER(S):    LIT L PEPPER GOURMET INC |
|---|

| DEFENDANT(S) / RESPONDENT(S):  Airgas USA LLC |
|---|

| LIT L PEPPER GOURMET INC VS AIRGAS USA LLC [EFILE] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER: 37-2019-00016827-CU-BT-CTL |

**CASE ASSIGNMENT**

Judge: Randa Trapp                                        Department: C-70

**COMPLAINT/PETITION FILED:** 03/29/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/06/2019 | 10:00 am | C-70 | Randa Trapp |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:      330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:      Central | |

| PLAINTIFF(S):    LIT L PEPPER GOURMET INC |
|---|
| DEFENDANT(S): Airgas USA LLC |
| SHORT TITLE:    LIT L PEPPER GOURMET INC VS AIRGAS USA LLC [EFILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2019-00016827-CU-BT-CTL |
|---|---|

Judge: Randa Trapp                                                   Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                    ☐  Binding private arbitration

☐  Voluntary settlement conference (private)    ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                       ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                           Date: _____

_____                        _____
Name of Plaintiff                                                    Name of Defendant

_____                        _____
Signature                                                              Signature

_____                        _____
Name of Plaintiff's Attorney                                   Name of Defendant's Attorney

_____                        _____
Signature                                                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/02/2019                                               _____
                                                                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION        Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2019-00016827-CU-BT-CTL      CASE TITLE: LIT L PEPPER GOURMET INC vs Airgas USA LLC [EFILE]

<u>NOTICE:</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** *and*
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.



**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.